UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

EUGENE THOMAS                                          CIVIL ACTION

VERSUS                                                 NO. 06-5626

CASHIO CHEVRON, INC., ET AL.                           SECTION "N"  (5)


## ORDER AND REASONS

Before the Court is Defendants' "Motion for Partial Dismissal Pursuant to Rule 12(b)(6), Fed. R.Civ.P., and for Sanctions" (Rec. Doc. No. 5).  For the reasons explained herein, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.  Should Plaintiff desire to proceed further with this action, Plaintiff must amend his complaint in conformity with this Order within twenty (20) days from the date it is entered.  In making its amendments, Plaintiff is directed to file a superceding complaint that includes the allegations in his original complaint on which Plaintiff continues to rely, as well as Plaintiff's amendments.

**Background**

Plaintiff alleges that, while he was attempting to evacuate from New Orleans, on or about August 31, 2005, Defendants refused to sell gas to him at Cashio's Chevron in Hammond, Louisiana, because of his race.  Plaintiff is an African-American.  Defendants seek dismissal, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, of certain of Plaintiff's claims.

**Law and Analysis**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  To satisfy this requirement, the statement must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema,* 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted);  *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Plaintiff's complaint is deficient in several respects.  It does not include allegations regarding the "state action" required for a Fourteenth Amendment claim.  The same is true with respect to the conduct "under color of state law" necessary to state a claim under 42 U.S.C. §1983.

Regarding "Section 5-51 of the Federal Trade Commission Act," Plaintiff's complaint does little more than purport to quote a section of a statute.  It is unclear to Defendants and to the Court, moreover, that this statute actually exists.  Accordingly, Plaintiff's complaint must provide a United States Code or Code of Federal Regulations citation for the asserted relevant statutory provision(s), and allege the grounds upon which the claim rests.

The Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1409, provides a private right of action to "[a]ny person who suffers any ascertainable loss of

money or movable property." *See* La. R.S. 51:1409.   Plaintiff's complaint offers no allegation of such loss.

The Court notes that, in response to Defendants' motion, Plaintiff has withdrawn his separate claim for intentional infliction of emotional distress.   Plaintiff may seek to recover emotional distress damages to the extent that such damages are legally available under any of the other claims asserted by him.

Finally, the Court declines, at this juncture, to impose an award of attorney's fees or costs, pursuant to 28 U.S.C. §1927, against either party in connection with Defendants' counsel's facsimile request for an extension of time within which to respond to the complaint.   Except as may be otherwise required by statute or rule, the Court shall not require that counsel communicate by a particular means, *e.g.,* telephone versus facsimile.   The Court cautions, however, that it expects all parties and counsel in this proceeding to satisfy all professionalism obligations, to affirmatively attempt to achieve an amicable, and prompt, resolution of disputes whenever possible, and to conserve the resources of the parties and the Court.

## <u>Conclusion</u>

Given the foregoing, Plaintiff's claims under the Fourteenth Amendment to the Constitution of the United States, 42 U.S.C. §1983, "Section 5-51 of the Federal Trade Commission Act,"  and the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1409 are dismissed without prejudice to Plaintiff's right to amend his complaint in accordance with this Order. Plaintiff's intentional infliction of emotional distress claim has been withdrawn.  The parties' requests for imposition of attorney's fees and costs under 28 U.S.C. §1927 are denied.

3

New Orleans, Louisiana, this __1st__ day of March 2007.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**