UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

EUGENE THOMAS                                           CIVIL ACTION

VERSUS                                                  NO. 06-5626

CASHIO CHEVRON, INC., ET AL.                            SECTION "N"  (5)

## ORDER AND REASONS

Presently before the Court is the Motion for Summary Judgment filed by Defendants Cashio Chevron, Inc., and Charles Cashio (Rec. Doc. No. 16).  As stated herein, **IT IS ORDERED** that the motion is **GRANTED**.  **IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

## I.      Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to

summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").  Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.  *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."  *Little,* 37 F.3d at 1075.  Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party.  *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II.    Analysis

Plaintiff alleges that, while he and his fiancée were attempting to evacuate from New Orleans on or about August 31, 2005, Defendants refused to sell gasoline to him at Cashio's Chevron, in Hammond, Louisiana, because of his race.  Plaintiff is African-American.

Defendants do not deny that an employee of Cashio Chevron, Inc., ("Cashio") refused to sell gasoline to Plaintiff on or about August 31, 2005.  Rejecting the assertion of race discrimination, however, they contend that Plaintiff was not sold gasoline because, at that time, Charles Cashio ("Mr. Cashio"), had decided that the station's limited supply would be made

available to only "first responders – law enforcement officials, fire department personnel, emergency vehicle employees and health care providers."[1]

   In his opposition memorandum, Plaintiff argues that the customers immediately in front and behind him in the line of vehicles waiting to purchase gasoline were white and did not appear to be first responders.[2]  On the latter point, he emphasizes that the customers in front were an elderly couple;  the customer to his rear was a woman in a SUV.[3]  Neither of their cars bore any "insignia or other indication that their drivers were 'first responders,' *i.e.*, law enforcement, fire or emergency medical personnel or undercover agents."[4]  Further, Plaintiff contends that the attendant did not ask him if he was a first responder or for identification.[5]  He also states that there were no signs posted at the store indicating that only "first responders" were being allowed to purchase

---

[1]  *See* Defendants' Memorandum in Support of Motion for Summary Judgment ("Defendants' Mem.") (Rec. Doc. No. 16-2) at unnumbered page 6;  Affidavit of Charles Cashio, Exhibit #3 to Mem. at ¶5.  Defendants explain that this policy was later rescinded because of the "frustration, turmoil, and anger among non-first responders seeking to purchase gasoline." *See* Defendant's Mem. at unnumbered page 6;  Affidavit of Charles Cashio, Exhibit D-3 to Mem. at ¶6.

[2]  *See* Opposition Memorandum ("Opp. Mem.") (Rec. Doc. No. 23-2) at unnumbered page 2.

[3]  *Id.* (citing Plaintiff's Deposition Transcript, Exhibit #1 to Defendants' Mem. (Rec. Doc. No 16-5) at 19)).

[4]  *See* Opp. Mem. (Rec. Doc. No. 23-2) at unnumbered page 2.

[5]  *Id*. at 3.  The Court notes that Plaintiff's deposition testimony indicates that, upon his second encounter with the attendant, Plaintiff advised that he is an attorney.  *See* Plaintiff's Deposition Transcript, Exhibit #1 to Defendants' Mem. (Rec. Doc. No 16-5) at 19)).

gasoline.[6]   Finally, he contends that the station attendant, when questioned, told Plaintiff that the couple *and* the woman to his rear were "undercover" police.[7]

To establish a prima facie case of racial discrimination based on Defendants' failure to sell him gasoline, Plaintiff must put forth evidence showing that similarly situated persons outside of his protected class were not so deprived.  Notwithstanding the assertions made in his *opposition memorandum*, however, Plaintiff offers no citations of the supporting *evidence* that is required by Rule 56 of the Federal Rules of Civil Procedure, except with respect to his assertion that the attendant referred to the customers in front and behind him (the elderly couple and the woman) as "undercover" police.  Those statements are quoted from his own deposition.[8]

Otherwise, Plaintiff did not even take the simple step of providing supporting affidavits from himself and his fiancée that set forth the pertinent facts.[9]  Further, although the Court requested and has now been provided with a copy of the entire transcripts of Plaintiff's and his fiancée's depositions, the transcripts themselves do not provide evidentiary support regarding the race of the persons in front of and behind him in the line of automobiles waiting to purchase gasoline.[10]

---

[6]     *See* Opp. Mem. (Rec. Doc. No. 23-2) at unnumbered page 2.

[7]     *Id.* (citing Plaintiff's Deposition Transcript, Exhibit #1 to Defendants' Mem. (Rec. Doc. No 16-5) at 19)).

[8]     Defendants attached excerpts of the transcripts of Plaintiff's and his fiancee's depositions to their memorandum.  On November 16, 2007, the Court instructed Defendants to submit a copy of  the entire transcripts.  *See* Rec. Doc. No. 30.

[9]     Plaintiff's opposition memorandum was submitted on July 24, 2007.  *See* Rec. Doc. No. 23.  He has not subsequently sought to supplement his memorandum with an affidavit or other evidentiary support.

[10]     Although Plaintiff's Complaint and Answers to Interrogatories are attached as Exhibits D-1 and D-3 to Plaintiff's deposition transcript, neither document is verified by Plaintiff, under oath, as containing true statements.  Thus, these assertions do not satisfy Plaintiff's burden

In addition, Plaintiff admits that, while he was Cashio's Chevron, he observed a number of other customers being refused gas. On this point, Mr. Cashio states, in his affidavit, that the "first responders only" policy was "implemented and enforced without regard to the race, sex, or national origin of the individual seeking to purchase gasoline."[11]  Similarly, the affidavit of Cashio Chevron employee, Blake Aranyosi, states that "several people, Caucasians as well as African Americans, were turned away."[12]  He continues: "At no point in time did they refuse to service to someone due to race, sex, or national origin."[13]

Significantly, Plaintiff has not sought to depose Mr. Cashio, Mr. Aranyosi, or any other representative of Cashio Chevron, or to introduce other discovery materials, relevant to this issue.[14]  Even more crucial, however, Plaintiff has provided no affidavit testimony indicating that none, or even a disproportionately smaller number, of the cars that he and/or his fiancee observed leaving the gas line had white occupants. Likewise, he has not introduced affidavit testimony stating that all or most of the persons he saw pumping gasoline were white and that all or most of the persons forced to leave the line were African-American.

---

under Rule 56.

[11]     *See* Affidavit of Charles Cashio, Exhibit #3 to Mem. at ¶5.

[12]     *See* Affidavit of Blake Dean Aranyosi, Exhibit #4 to Mem. at  ¶4.

[13]     *Id.*

[14]     Although Plaintiff asserts, in his opposition memorandum, that his "discovery from Charles Cashio and his employees is ongoing[]," and that Defendants' motion is premature, Plaintiff does not outline what discovery remains outstanding, why it could not be timely completed and presented,  what information it is expected to provide, and/or when it should be completed. *See* Opp. Mem. at unnumbered page 4. Additionally, as previously stated, Plaintiff has not subsequently sought to supplement his opposition submission.

This is true with respect to his initial visit to Cashio Chevron on August 31, 2005, and when he stopped there again, later that day, to take photographs of the other cars waiting in line to purchase gasoline.  Indeed, Plaintiff testified at his deposition that he "wasn't paying any attention" to whether the other persons leaving the line were Caucasian or African-American."[15] Plaintiff's fiancée similarly "didn't look to see" if the persons she observed leaving the line were African-American or white.[16]

The fact that Plaintiff, an African-American, was not allowed to purchase gasoline from Cashio's Chevron, standing alone, does not equate to racial discrimination. By not providing additional, necessary supporting evidence, as required by Rule 56, and offering only his subjective belief as to Defendants' motivation, Plaintiff asks the Court to speculate regarding the merits of his claim.  This the Court will not do.  Accordingly, the Court finds that Plaintiff has failed to satisfy his summary judgment burden.

III.    Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendants' motion for summary judgment (Rec. Doc. No. 16) is **GRANTED**.  **IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  10th  day of December 2007.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

---

[15]     *See* Plaintiff's Deposition Transcript, Exhibit #1 to Defendants' Mem. (Rec. Doc. No 16-5) at 17)).

[16]     *Id.* at 12.